# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:12CR47 |
| | § | CASE NO. 6:12CR48 |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| KATHERYNE G. GUNTER | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Katheryne G. Gunter's supervised release based on violations of her supervised release conditions. Defendant waived her right to a revocation hearing and pleaded "true" to the Allegation 2 in the petition in Case No. 6:12CR47. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 13 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Conspiracy to Commit Mail Fraud, Defendant was sentenced on May 28, 2004, by the Honorable Todd J. Campbell, United States District Judge, Middle District of Tennessee, to 3 years of probation and six months of home detention. Defendant's probation was subsequently revoked after jurisdiction of her case was transferred to the Western District of Oklahoma. On February 2, 2007, Defendant was sentenced by the Honorable Tim Leonard, United States District Judge, Western District of Oklahoma, to 36 months of imprisonment to be followed by 3 years of supervised release. In a separate case, Defendant pled guilty to the offense of Mail Fraud and Aiding and Abetting and was sentenced

on October 23, 2008 by the Honorable Vicki Miles-LaGrange, United States District Judge, Western District of Oklahoma, to twelve months and one day of imprisonment to be followed by 3 years of supervised release. Defendant's sentence was ordered to run concurrent with the sentence that resulted from the revocation of Defendant's probation. Defendant completed her term of imprisonment and began serving her term of supervised release in both cases on February 12, 2010. Jurisdiction of the cases was transferred to the Eastern District of Texas on May 30, 2012.

*Allegations*

In the Petition for Warrant for Offender Under Supervision filed in Case Nos. 6:12CR47 and 6:12CR48 on July 23, 2012, United States Probation Officer Charley Fuller alleges that Defendant violated the conditions of her supervised release that state: (1) the defendant shall not commit another federal, state or local crime; (2) the defendant shall notify the probation officer ten days prior to any change of residence or employment; and (2) the defendant shall pay restitution in accordance with the payment plan outlined in the judgments.

According to the allegations in the petition, Defendant was charged with the state offense of Theft on April 5, 2012. It is alleged that Defendant embezzled $20,000 from her employer, Goodwill Industries. Defendant also allegedly moved from her residence and had a change in her employment, but failed to notify her probation officer. Finally, the petition alleges that Defendant failed to pay restitution as ordered by the Court.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of

the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  In the present case, Defendant's original offenses of conviction were a Class C and D felonies.  Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by failing to report a change in residence and employment and by failing to pay restitution as ordered, she is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category in Criminal Action No. 6:12CR47 was I.  The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.  U.S.S.G. § 7B1.4(a).  Defendant's original criminal history category in Criminal Action No. 6:12CR48 was III, which results in a guideline range of 5 to 11 months of imprisonment for a Grade C violation.  U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by committing the offense of Theft as alleged in the Petition, she is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of I, the Guidelines provide a guideline range of 4 to 10 months of imprisonment.  U.S.S.G. § 7B1.4(a).  With Defendant's original criminal history category of III, the Guidelines provide a guideline range of 8 to 14 months of imprisonment.  U.S.S.G. § 7B1.4(a).  The grade of the violation having the most serious grade is used to determine the

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On February 10, 2014, Defendant appeared for a final revocation hearing. Assistant Federal Defender Ken Hawk and Assistant United States Attorney Jim Middleton announced that an agreement was reached for Defendant to enter a plea of true to Allegation 2 in the petition in Case No. 6:12CR47, for the parties to jointly request a sentence of 13 months of imprisonment with no further supervised release and for the Government to dismiss the petition in Case No. 6:12CR48. After the Court explained to Defendant her right to a revocation hearing, Defendant waived her right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition in Case No. 6:12CR47. The Government moved to dismiss the petition filed in Case No. 6:12CR48. Defendant requested a recommendation to the Bureau of Prisons to designate her to FMC Carswell.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition in Case No. 6:12CR47 is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and Defendant should be sentenced to 13 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release in Case No. 6:12CR47 be **REVOKED** and that she be sentenced to 13 months of imprisonment with no further supervised release. It is further recommended that the petition filed in Case No. 6:12CR48 be **DISMISSED**. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocate before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be imprisoned for a period of 13 months with no further supervised release.

So ORDERED and SIGNED this 10th day of February, 2014.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE